# Propriety of Asserting a Governmental Privilege in Response to a Court Order

Both the common law governmental privilege and the constitutionally based executive privilege may be asserted to protect certain documents reflecting the deliberation of close presidential advisers from disclosure in response to a court order.

October 13, 1982

## MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

You have requested the advice of the Office of Legal Counsel (OLC) concerning the propriety of asserting a governmental privilege in response to a court order that purports to require the production of certain White House staff documents and presidential Military Manpower Task Force documents. In response to your request, OLC has reviewed the relevant documents and has carefully evaluated your claim of governmental privilege. Based upon this review, OLC has concluded, for reasons set forth more fully below, that the documents identified are properly subject to a claim of governmental privilege and that the privilege may properly be asserted with respect to those documents.

The court order in question was issued in a case involving a prosecution for failure to register for the draft. *United States* v. *Wayte,* Crim. No. 82–630 (C.D. Cal.). In that case, defendant has alleged that his indictment was based upon impermissible selective prosecution. After ruling that defendant had established a *prima facie* case of selective prosecution, District Court Judge Terry J. Hatter, Jr., ordered a full hearing on that issue and required the government to produce certain documents and witnesses. In an order issued from the bench, the court ordered production of documents from the files of the White House, the President's Military Manpower Task Force (MMTF), the Department of Defense, Selective Service, and the Department of Justice. As initially articulated on October 1, 1982, the court order required production of "general policy statements dealing with the prosecution of nonregistrants, including transcripts of meetings at which such policy was discussed." A second statement by the court, which purported to be a clarification of the initial order, seems to require the production of "everything dealing with the active and passive [nonregistration] enforcement systems." In response to the court's order, members of your staff assembled the relevant documents from the files of both the MMTF and the White House itself. Upon review of these documents, the White House has determined

that a number of the documents are within the scope of the deliberative process privilege. You have requested OLC to review that privilege claim.

The documents that have been assembled and for which a claim of privilege is under consideration generally reflect the deliberations of close presidential advisers concerning the policies to be implemented with respect to selective service registration. Most of the documents relate to the MMTF, a special advisory group established by the President to make recommendations concerning the manpower needs of the Nation's military forces, including the possible need for and implementation of a selective service registration system.* These MMTF documents include reports, agendas, and verbatim transcripts of various meetings and deliberations of the MMTF. The MMTF documents also include several drafts and a final copy of the report of the MMTF to the President which sets forth a number of recommendations concerning military manpower policy. In addition to the MMTF documents, the documents include memoranda and notes that reflect pre-decisional discussions among presidential advisers concerning various aspects of selective service policy.

After a careful review of these documents, we have concluded that they are protected by the common-law governmental privilege and the constitutionally based executive privilege for documents reflecting the deliberative process. There is no doubt that the Executive enjoys a privilege for intra-agency memoranda and documents that reflect the deliberative decisionmaking process. *United States* v. *Nixon,* 418 U.S. 683 (1974); *Kaiser Aluminum & Chemical Corp.* v. *United States,* 157 F. Supp. 939 (Ct. Cl. 1958) (Reed, J.). The Supreme Court has stated that the "privilege is fundamental to the operation of Government and inextricably rooted in the separation of powers under the Constitution." *United States* v. *Nixon,* 418 U.S. at 708 (footnote omitted). There are two principal grounds for this deliberative process privilege. The first ground is

> the valid need for protection of communications between high Government officials and those who advise and assist them in the performance of their manifold duties; the importance of this confidentiality is too plain to require further discussion. Human experience teaches that those who expect public dissemination of their remarks may well temper candor with a concern for appearances and for their own interests to the detriment of the decision-making process.

*United States* v. *Nixon,* 418 U.S. at 705 (footnote omitted). The second ground is that pre-decisional analyses or memoranda do not necessarily reflect the basis for the ultimate decision of the agency. As one court recently stated, "[d]ocuments which are protected by the privilege are those which would inaccurately reflect or prematurely disclose the views of the agency, suggesting as agency position that which is as yet only a personal position." *Coastal States Gas Corp.* v. *DOE,* 617 F.2d 854, 866 (D.C. Cir. 1980).

---

*The MMTF was chaired by the Secretary of Defense and included, among others, the Counsellor to the President, the Chairman of the Council of Economic Advisers, and the Director of OMB

The attached documents seem clearly to fall within the deliberative process privilege outlined above. All of the documents relate to pre-decisional discussions concerning possible implementation of selective service registration. The documents reflect consideration of a wide range of alternatives and possible policy directions. Even the MMTF's final report to the President is simply a recommendation to the President concerning proposed military manpower policy; it is not a final decision itself. The policies that underlie the deliberative process privilege would be impaired by release of these documents. Frank and open discussion would certainly be inhibited if presidential advisers knew that transcripts or other descriptions of their deliberative meetings would be released to the public. Moreover, none of the specified documents reflect the final decisions made by the Executive Branch on any of the issues discussed therein. For these reasons, we have concluded that these documents are within the scope of the deliberative process privilege.

In evaluating the possible release of privileged documents for use in a court proceeding, however, it is necessary to consider not only the basis for the privilege, but also the need for the documents in the court proceeding. *See United States* v. *Nixon*, 418 U.S. 683 (1974). In this case, based upon our review of the specified documents, we have concluded that the documents are of little relevance to the court's consideration of defendant's selective prosecution claim. For the most part, these documents reflect general considerations concerning selective service policy. To the extent that they touch upon selective service prosecution at all, the documents are general and descriptive; they set forth no government policies concerning how selective service violators should be prosecuted. When the limited relevance of these documents is weighed against the clear applicability of the deliberative process privilege, the balance tips heavily in favor of nondisclosure.

In conclusion, it is the opinion of this Office that the specified documents are well within the scope of the deliberative process privilege and that that privilege may be asserted in the Government's response to the court order in the instant case.

THEODORE B. OLSON
*Assistant Attorney General*
*Office of Legal Counsel*